IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | ) | |
| 1020 Hull Street | ) | |
| Baltimore, Maryland 21230, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| v. | ) | |
| | ) | |
| **ARMOR & GLORY LLC** | ) | |
| 5303 Waverton Court | ) | |
| Upper Marlboro, Maryland 20772, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Under Armour, Inc. ("Under Armour"), alleges as follows, upon actual

knowledge with respect to itself and its own acts, and upon information and belief as to all other

matters:

**NATURE OF THE ACTION**

1.      This is a civil action for trademark infringement, trademark dilution, unfair

competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or

Maryland statutory and common law.  Under Armour seeks equitable and monetary relief from

Defendant's willful violations of Under Armour's trademark rights in its famous UNDER

ARMOUR mark, ARMOUR mark, and other ARMOUR-formative marks (the "ARMOUR

Marks").

2.      Defendant has been offering for sale, selling, and promoting athletic clothing and

accessories under the ARMOR & GLORY and ARMORGLORY names/marks in violation of

1

Under Armour's trademark rights.  As a result of Defendant's use of ARMOR & GLORY and ARMORGLORY in connection with its products, activities, and promotions, consumers are likely to believe Defendant and/or its products are made, approved, or licensed by Under Armour.

## PARTIES

3.     Plaintiff Under Armour is a Maryland corporation with a principal place of business at 1020 Hull Street, Baltimore, Maryland 21230.

4.     Defendant Armor & Glory, LLC is a Maryland limited liability company with a principal place of business at 5303 Waverton Court, Upper Marlboro, Maryland 20772.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  The Court has supplemental jurisdiction over Under Armour's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

6.     This Court has general and/or specific personal jurisdiction over Defendant because it is a Maryland limited liability company with its principal place of business in Maryland, and because Defendant purposefully availed itself of the privilege of conducting business in Maryland.  Defendant offers, markets, and promotes its products bearing the marks that are the subject of this lawsuit through its website and other means to consumers located in Maryland and uses those marks to promote and advertise its products in Maryland and elsewhere.

7.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Under Armour's claims have occurred and are

continuing to occur in this District and Under Armour's trademarks at issue are located in this

District, where Under Armour maintains its principal place of business.

### UNDER ARMOUR, ITS PRODUCTS, AND ITS ARMOUR TRADEMARKS

8.      Under Armour is one of the world's most successful, popular, and well-known

providers of athletic apparel, footwear, sporting goods, and accessories.  Through Under

Armour's innovative use of advanced engineering and technology, it has revolutionized the

performance-product industry.  In 2014 alone, Under Armour sold more than $ 3 billion worth of

products.

9.      Since at least as early as 1996, Under Armour has continuously used and

promoted the UNDER ARMOUR name/mark for apparel.

10.     Over the years, Under Armour has expanded to a wide range of other products

and services, including but not limited to a full line of athletic clothing, footwear, headwear, and

accessories; tactical gear; workwear; hunting and outdoor gear; and sports equipment.  The

distinctive UNDER ARMOUR name/mark has been used and promoted across Under Armour's

extensive product line.

11.     In addition to its UNDER ARMOUR name/mark, Under Armour has used and

promoted the ARMOUR mark alone and numerous other ARMOUR-formative marks in

connection with its wide range of products and services, including, for example, GAMEDAY

ARMOUR, BABY ARMOUR, OFFSHORE ARMOUR, ARMOURBLOCK, ARMOUR

STRETCH, ARMOURSTORM, ARMOUR GRABTACK, ARMOUR FLEECE, ARMOUR

SELECT, ARMOURLOFT, ARMOURGRIP, ARMOURCHILL, ARMOURSIGHT, and

ARMOURSTEALTH, among others.  These ARMOUR-formative marks have been used and

promoted individually and/or together, and consumers have come to associate the ARMOUR portion of the marks with UNDER ARMOUR.

12.     Among its products, Under Armour has for years offered a variety of athletic/performance clothing and accessories for men, women, and children for virtually every type of sport and/or athletic activity under its ARMOUR Marks, e.g.:







**UNDER ARMOUR'S SALES AND
PROMOTION OF ITS ARMOUR-BRANDED PRODUCTS**

13.     Under Armour has sold billions of dollars worth of products under the UNDER

ARMOUR and other ARMOUR Marks.  Under Armour's products are promoted, offered, and

sold nationwide in connection with the ARMOUR Marks through a wide variety of retail

means, including but not limited to thousands of retail stores.  These retail stores include Under

Armour's own Factory and Brand House retail stores, as well as national, regional, independent,

and specialty retailers such as *Academy Sports & Outdoors, Bass Pro Shops, Cabela's, Foot Locker, Finish Line*, *The Sports Authority*, *Dick's Sporting Goods*, *Macy's, Dunham's, Modell's, Hibbett Sports, Nordstrom*, and *The Army and Air Force Exchange Service*.

14.     Under Armour's products are also offered and sold in connection with its ARMOUR Marks through the websites and mail order catalogs of many of its retailers and Under Armour's websites, catalogs, and toll-free call center.

15.     For years, Under Armour has spent tens of millions of dollars annually advertising and promoting its ARMOUR Marks and products to the general public.  Under Armour has widely and extensively promoted its ARMOUR Marks and products through virtually every available type of media, including but not limited to print publications, signage, television, and/or the Internet.

16.     With respect to publications and signage, Under Armour has advertised and promoted its ARMOUR Marks and products in a wide variety of nationally circulated magazines and newspapers.  Further, the ARMOUR Marks have been featured on billboards and other signage in various cities, including but not limited to Baltimore, Philadelphia, and New York City's Times Square.

17.     Under Armour has advertised and promoted its ARMOUR Marks and products through television commercials, including a television commercial during the Super Bowl, product placement in popular movies, national television programs, video games, and coverage of sporting events featuring its branded products, among other means.

18.     Under Armour also promotes and showcases its UNDER ARMOUR and other ARMOUR Marks and products on its own and authorized websites and social-media sites, including but not limited to www.underarmour.com, www.facebook.com/underarmour, and

www.twitter.com/underarmour, among others, as well as through Under Armour's catalogs. Further, Under Armour's ARMOUR Marks and products are advertised and/or sold through many of its retailers' websites, including but not limited to the websites used by *Bass Pro Shops*, *Bloomingdales.com*, *Cabela's*, *City Sports*, *Dick's Sporting Goods*, *Eastbay*, *Eastern Mountain Sports*, *Finish Line*, *Foot Locker*, *Gilt Groupe*, *Hibbett*, *LL Bean*, *Lord & Taylor*, *Macys.com*, *MC Sports*, *Modell's*, *Nordstrom*, *Sportsman's Guide*, and *Sportsman's Warehouse*.

19.     Sponsorships, outfitting agreements, and individual athlete agreements represent another significant form of advertising and promotion by Under Armour.  Under Armour's ARMOUR Marks are promoted through high-profile athletes and teams at the youth, collegiate, professional, and Olympic levels including, for example, NFL football stars Tom Brady (New England Patriots), Brandon Marshall (New York Jets), Eddie Lacy (Green Bay Packers), Julio Jones (Atlanta Falcons); college football (and other sports) teams Notre Dame, Boston College, University of Maryland, Northwestern University, Navy, and South Carolina; and high school football (and other sports) teams around the country.

20.     Many of Under Armour's products, promotions, and activities focus on the sport of football.  Among other things, Under Armour sponsors the NFL Combine—a highly publicized event where college football players perform physical and mental tests in front of NFL coaches, scouts, and general managers.  Under Armour also sponsors other high-profile footballs camps, games, and events, including the *Rivals Camp Series*.

21.     Since 2006, Under Armour has been an authorized supplier of footwear to the NFL and is currently also the official performance footwear supplier to the MLB and authorized supplier of gloves to the NFL.

22.     In addition to its own substantial advertising and promotional activities, Under Armour and its ARMOUR Marks and products have received and continue to receive widespread unsolicited media coverage.  Indeed, many of the athletes, teams, and sporting events sponsored by Under Armour appear on nationally broadcast television programs and in widely circulated publications, exposing tens of millions of consumers to the ARMOUR Marks.

23.     Under Armour has received numerous awards for its commercial success in connection with the development of its innovative and technologically enhanced products and its marketing and branding achievements.  In 2014, Under Armour received the prestigious "Marketer of the Year" Award from *Advertising Age* magazine.  Additionally, *Yahoo Finance* named Under Armour the 2014 "Company of the Year."

24.     As a result of its distinctive nature, and thus inherent strength; widespread advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition, the UNDER ARMOUR mark has been well known and famous for years.

25.     In *Under Armour, Inc. v. Bode*, Opp. No. 91178653 (TTAB May 21, 2009), the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (PTO) expressly acknowledged the fame of the UNDER ARMOUR mark.

26.     Under Armour owns, among others, the following valid and subsisting U.S. federal trademark registrations for its UNDER ARMOUR marks (true and correct copies of those registrations are attached as Exhibit A):

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|----------|-----------|-------------------|
| UNDER ARMOUR | 2279668 | 09/21/99 | Clothing, namely, t-shirts, long sleeve shirts, mock turtle necks, hats, shorts, shirts, leggings, jersey's, pants, headwear for winter and summer, under wear, tank tops (male and female), winter caps, sweat shirts/pull overs, womens bra in Class 25 |
| UNDER ARMOUR | 3642614 | 06/23/09 | Full line of athletic clothing in Class 25 |
| UNDER ARMOUR | 3712052 | 11/17/09 | Ankle socks, athletic uniforms, baseball caps, baseball shoes, baseball uniforms, baselayer bottoms, baselayer tops, beach footwear, boxer briefs, boxer shorts, briefs, capri pants, children's headwear, coats, dresses, fleece pullovers, football shoes, footwear, foul weather gear, golf caps, golf shirts, golf trousers, hooded pullovers, hunting vests, jogging pants, knit shirts, men's socks, mittens, moisture-wicking sports bras, moisture-wicking sports pants, moisture-wicking sports shirts, polo shirts, rain jackets, rain trousers, rainproof jackets, rainwear, running shoes, short-sleeved or long-sleeved t-shirts, short-sleeved shirts, ski bibs, ski gloves, ski jackets, ski pants, ski wear, skorts, sleeveless jerseys, snow pants, snowboard gloves, snowboard mittens, snowboard pants, soccer boots, sport shirts, sports bras, sports jerseys, sports pants, sports shirts, sweat bands, sweat pants, tennis wear, thongs, thongs, training shoes, undershirts, unitards, visors, waterproof jackets and pants, wind pants, wind resistant jackets, wind shirts, in Class 25 |
| UNDER ARMOUR | 3638277 | 06/16/09 | Online retail store services featuring apparel, footwear, sporting goods, eyewear, headwear, wrist bands, sweat bands, belts, gloves, hand-warmers, plastic water bottles sold empty, watches, sports bags, tote bags, travel bags, backpacks, golf bags, messenger bags, duffel bags, shoe bags for travel, toiletry bags sold empty, wheeled bags, waist packs, sling bags, umbrellas, towels, posters; mobile retail store |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| | | | services featuring apparel, footwear, and sporting goods in Class 35 |
| UNDER ARMOUR | 3700135 | 10/20/09 | Clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 25; Golf bags; bags specially adapted for sports equipment; golf gloves; batting gloves; football gloves; lacrosse gloves; mouth guards for athletic use; cases for holding athletic mouth guards; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; jock straps in Class 28 |
| UNDER ARMOUR | 4380298 | 08/06/13 | Light duty utility gloves; Reusable plastic water bottles sold empty; Reusable stainless steel water bottles sold empty; Sports bottles sold empty; Squeeze bottle sold empty; Vacuum bottles; Water bottles sold empty; Work gloves in Class 21 |
| UNDER ARMOUR | 4464038 | 01/07/14 | Bracelets; Bracelets made of silicon; Jewelry; Rubber or silicon wristbands in the nature of a bracelet; Sports watches; Watches; Wrist watches; Wristwatches in Class 14 |
| UNDER ARMOUR | 4143498 | 05/15/12 | Lacrosse sticks; lacrosse stick heads; lacrosse stick shafts; lacrosse stick handles; lacrosse gloves; lacrosse arm guards; lacrosse shoulder pads; lacrosse elbow pads; and replacement parts for the foregoing goods in Class 28 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|----------|-----------|-------------------|
| UNDER ARMOUR | 4225998 | 10/16/12 | Bandanas; Baseball shoes; Basketball sneakers; Beachwear; Bib overalls for hunting; Bikinis; Camouflage gloves; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Cleats for attachment to sports shoes; Fishing shirts; Football shoes; Golf shorts; Hunting jackets; Hunting pants; Hunting shirts; Men's dress socks; Sneakers; Swimwear; Volleyball jerseys; Yoga pants; Yoga shirts in Class 25 |
| UNDER ARMOUR | 3052160 | 01/31/06 | Chin strap pads for use with protective helmets in Class 9; toiletry kits, sold empty in Class 18; sports bottles, sold empty in Class 21; lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys in Class 22; sports towels in Class 24; gloves in Class 25 |
|  | 3081173 | 04/18/06 | Gloves in Class 25; Toiletry kits, sold empty, in Class 18 |
|  | 3138451 | 09/05/06 | Clothing, namely, gloves and shirts in Class 25 |
|  | 3663142 | 08/04/09 | Full line of athletic clothing, headwear, footwear, gloves in Class 25 |

27.     Under Armour also owns, among others, the following valid and subsisting U.S. trademark registrations for the ARMOUR mark *per se* and other ARMOUR-formative marks, including for clothing, footwear, accessories, and other products (true and correct copies of those registrations are attached as Exhibit B):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOUR | 3720012 | 12/01/09 | Clothing, excluding golf clothing, namely, hooded sweat shirts, crew neck shirts, long sleeve shirts, pullover shirts, and sweat pants in Class 25 |
| ARMOUR | 3970978 | 05/31/11 | Footwear, excluding golf footwear in Class 25 |
| ARMOUR | 3766130 | 03/30/10 | Protective athletic cups, in Class 28 |
| ARMOUR | 4133248 | 04/24/12 | Clothing, excluding golf clothing, namely, headwear, hats, caps, baseball caps, beanies and bras, in Class 25 |
| ARMOUR | 3963256 | 05/17/11 | Knee pads for athletic use, in Class 28 |
| ARMOUR | 3392904 | 03/04/08 | Clothing, excluding golf clothing, namely, shorts, shirts, polo shirts, pants, jackets, vests and gloves in Class 25 |
| ARMOUR | 4059967 | 11/22/11 | Hair accessories, namely, hair ties in Class 26 |
| ARMOUR UP | 4398911 | 09/10/13 | Athletic shirts; Bottoms; Gym shorts; Hooded sweat shirts; Hooded sweatshirts; Long-sleeved shirts; Moisture-wicking sports shirts; Shirts; Short-sleeved shirts; Shorts; Sport shirts; Sports shirts; Sweat shirts; Sweatshirts; T-shirts; Tee shirts; Tops in Class 25 |
| BABY ARMOUR | 4088633 | 01/17/12 | Baby bodysuits; Baby bottoms; Baby tops; Children's and infant's apparel, namely, jumpers, rompers and one-piece garments; Footwear; Hooded pullovers; Hooded sweat shirts; Infant and toddler one piece clothing; Infant wear; Infants' trousers; Jackets; One piece garment for infants and toddlers; Pants; Play suits; Shirts; Short-sleeved shirts; Shorts; Sweat pants; Sweat shirts; Sweat suits; Tops in Class 25 |
| ARMOUR STRETCH | 3504324 | 09/23/08 | Jackets, pullovers, and gloves in Class 25 |
| ARMOURSTORM | 3622968 | 05/19/09 | Bib overalls, coats, gloves, jackets, mittens, pants in Class 25 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOUR GRABTACK | 3684393 | 09/15/09 | Football gloves in Class 28 |
| ARMOURBLOCK | 3069215 | 03/14/06 | Gloves, socks, hoods, shirts, T-shirts, leggings, pants, underwear, and tank tops in Class 25 |
| GAMEDAY ARMOUR | 4094318 | 01/31/12 | Clothing, namely, shirts, t-shirts, short-sleeved shirts, shorts; clothing for athletic use, namely, padded shorts; clothing for athletic use, namely, padded shirts in Class 25 |
| ARMOURFUSION | 3646904 | 06/30/09 | Sunglasses in Class 9 |
| ARMOURLOFT | 3662480 | 08/04/09 | Jackets; Vests in Class 25 |
| ARMOURCHILL | 4112397 | 03/13/12 | Clothing, namely, beanies, hats, headwear, vests in Class 25 |
| ARMOURSIGHT | 3861988 | 10/12/10 | Eyewear; sunglasses; lenses for sunglasses in Class 9 |
| ARMOURGRIP | 3880602 | 11/23/10 | Leggings; Longsleeved shirts; Moisture-wicking  sports shirts; Pants; Shirts; Short-sleeved shirts; Socks; T-shirts in Class 25 |
| ARMOURFIT | 3938546 | 03/29/11 | Socks in Class 25 |
| ARMOURED | 4443976 | 12/3/13 | Fishing shirts; moisture-wicking sports shirts; shirts; short-sleeved shirts; T-shirts; tops in Class 25 |

28.     Under Armour also owns the following valid and subsisting Maryland trademark

registrations for its famous UNDER ARMOUR mark, among others:

| Mark | Reg./ App. No. | Reg./Filing Date | Products/Services |
|---|---|---|---|
| UNDER ARMOUR | 2009-0055 | 05/01/09 | Footwear, athletic footwear, clothing, namely, shirts, shorts, pants, headwear, hats, baseball hats, caps, t-shirts, long sleeve shirts, short sleeve shirts, polo shirts, |

| Mark | Reg./ App. No. | Reg./Filing Date | Products/Services |
|---|---|---|---|
| | | | sweatpants, sweatshirts, hooded sweatshirts, jerseys, turtle necks, mock turtle necks, pullovers, underwear, brassieres, headbands, wristbands, socks, athletic socks, dress socks, skirts, skorts, athletic sleeves, hoods, skull wraps, skull caps, vests, leggings, tank tops, bras, sports bras, girdles, gloves, belts, hand-warmers, jackets, coats, unitards, baby clothing, bib overalls, snow pants, moisture-wicking shirts, compression shirts, compression pants, compression shorts, long underwear; full line of athletic clothing; clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 39 |
| UNDER ARMOUR | 2009-0057 | 05/01/09 | Chin straps for use with protective helmets, sports gloves, golf gloves, batting gloves, football gloves, lacrosse gloves, mouth guards for athletic use, athletic equipment, namely, guards for the lips, chin pads for athletic use, knee pads for athletic use, elbow pads for athletic use, forearm pads for athletic use, shin guards for athletic use, football girdles, protective athletic cups, jock straps, sports bottles, sold empty in Class 22 |
| UNDER ARMOUR | 2009-0059 | 05/01/09 | Bags, sport bags, travel bags, duffel bags, backpacks, sack pacs, reservoir backpacks, toiletry kits, sold empty, golf bags, bags specially adapted for sports equipment in Class 3 |

| Mark | Reg./ App. No. | Reg./Filing Date | Products/Services |
|------|------|------|------|
| UNDER ARMOUR | 2009-0058 | 05/01/09 | Retail, online retail, and mobile retail store services featuring apparel, footwear, sporting goods, and accessories in Class 53 |
| UNDER ARMOUR | 2009-0056 | 05/01/09 | Sunglasses, lenses for sunglasses, visors for use with helmets, watches, lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys, magnetic coded gift cards, electronic gift cards, sports towels in Class 50 |
| UNDER ARMOUR | 2009-0056 | 05/1/2009 | Water bottles |

## DEFENDANT AND ITS WRONGFUL ACTIVITIES

29.    Without Under Armour's authorization and approval, Defendant has been offering, selling, and promoting clothing, including athletic/performance clothing for men, women, and children, and accessories (including wristbands) under the ARMOR & GLORY and ARMORGLORY names and marks (together, the "ARMOR & GLORY Marks"):









30.    In around January 2013, Defendant registered the domain name armorglory.com

with the Wild West Domains, LLC domain name registrar.  Defendant has been operating a

website at http://www.armorglory.com, where it promotes and sells its athletic clothing and accessories under the ARMOR & GLORY Marks.

31.     Like Under Armour, Defendant promotes its ARMOR & GLORY Marks and products on the Internet and specifically via social media.

32.     Additionally, like Under Armour, Defendant disseminates football-themed advertising and runs a football camp in connection with the ARMOR & GLORY name, marks, and products, e.g.:



Armor And Glory
May 25 · 

Armor & Glory Presents the Life Skills and Football Camp for young men and women ages 5-18. This camp will be held in Oklahoma City at Putnam West High School on May 30th from 9am to 1pm. Please go to www.armorglory.com for more details and to register today!! This camp will feature NFL Superstars such as Roy Williams, Tommy Harris, Mark Clayton and many more!! You don't want to miss this!!



Armor & Glory L.L.C.
Clothing Line
ARMORGLORY.COM

18

33.    Moreover, like Under Armour, who sponsors, promotes, and is endorsed by countless professional athletes, including NFL players, Defendant promotes and features NFL players (and other athletes) in its advertising:



**Armor And Glory**
June 25 at 1:22pm · 🌐

Adrian Peterson sporting the Armor & Glory Compression Tee and Armor & Glory shorts during his workout today! Romans 8:18 "I consider that our present sufferings are not worth comparing with the GLORY that will be revealed in us." #ArmorAndGlory #ArmorAndGloryStrong #PutOnGodsArmor #ReceiveHisGlory #JoinTheMovement



34.    Defendant filed U.S. Trademark Application Serial No. 85844392 for the mark ARMOR & GLORY for "athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms" in International Class 25 with the PTO.

35.    Under Armour opposed U.S. Trademark Application No. 85844392 before the Trademark Trial and Appeal Board.  That action, titled *Under Armour, Inc. v. Armor & Glory, LLC*, was assigned Opposition No. 91214492.

36.     On February 2, 2015, after Defendant failed to respond to any discovery in the opposition proceeding and Under Armour's motion for sanctions, the Trademark Trial and Appeal Board entered a final judgment in Under Armour's favor, refusing registration of the ARMOR & GLORY mark to Applicant.  (Ex. C, TTAB Order, Dkt. # 16, Feb. 2, 2015.)

37.     Under Armour has repeatedly asked Defendant to stop its infringing conduct (including after the TTAB issued a judgment refusing registration to Defendant), but Defendant has failed to respond and has continued using the ARMOR & GLORY Marks.

38.     Fully aware of Under Armour's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

## INJURY TO UNDER ARMOUR AND THE PUBLIC

39.     Defendant's unauthorized use of the ARMOR & GLORY Marks is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Under Armour.

40.     Defendant's unauthorized use of the ARMOR & GLORY Marks is likely to dilute the distinctiveness and value of Under Armour's famous UNDER ARMOUR mark.

41.     Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Under Armour and its ARMOUR Marks.

42.     Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

43.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 42 of this Complaint.

44.     Without Under Armour's consent, Defendant used and continues to use in

commerce reproductions, copies, and colorable imitations of Under Armour's registered

ARMOUR Marks in connection with the offering, distribution, and advertising of goods, which

is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of

the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, Passing Off, and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

45.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 44 of this Complaint.

46.     Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products,

and/or its commercial activities by or with Under Armour, and thus constitute trademark

infringement, false designation of origin, passing off, and unfair competition in violation of

Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
**Trademark Dilution Under Section**
**43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

47.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 46 of this Complaint.

48.     Under Armour's UNDER ARMOUR mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendant's first use of the ARMOR & GLORY Marks, based on, among other things, the inherent distinctiveness and federal registration of Under Armour's UNDER ARMOUR mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

49.     Defendant's actions, as described above, are likely to dilute the distinctive quality of Under Armour's famous UNDER ARMOUR mark by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FOURTH CLAIM FOR RELIEF
### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

50.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

51.     Defendant caused to be registered, registered, and/or used the armorglory.com domain name with a bad-faith intent to profit from Under Armour's ARMOUR Marks.

52.     Under Armour's ARMOUR Marks were distinctive at the time Defendant caused to be registered, registered, and/or used the armorglory.com domain name.

53.     Under Armour's UNDER ARMOUR mark was famous at the time Defendant caused to be registered, registered, and/or used the armorglory.com domain name.

54.     The armorglory.com domain name is confusingly similar to Under Armour's ARMOUR Marks.

55.     The armorglory.com domain name is dilutive of Under Armour's UNDER ARMOUR mark.

56.     Defendants' actions, as described above, violate Section 43(d) of the Lanham Act,

15 U.S.C. § 1125(d).

## FIFTH CLAIM FOR RELIEF
### Trademark Infringement Under
### Md. Code Bus. Reg. § 1-414 *et seq.*

57.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 56 of this Complaint.

58.     Defendant's use, without the consent of Under Armour, of a reproduction and/or

colorable imitation of Under Armour's registered ARMOUR Marks in connection with the sale,

offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to

deceive as to the origin of the goods or services, and thus constitutes trademark infringement in

violation of Md. Code Bus. Reg. § 1-414 *et seq.*

59.     Defendant's reproduction and/or colorable imitation of Under Armour's

registered ARMOUR Marks and application of that reproduction and/or colorable imitation to

Defendant's advertising, labels, prints, receptacles, signs, or wrappers that are intended to be

used with goods or services and/or in conjunction with the sale or other distribution of goods or

services in Maryland constitutes trademark infringement in violation of Md. Code Bus. Reg.

§ 1-414 *et seq.*

## SIXTH CLAIM FOR RELIEF
### Trademark Infringement, False Advertising, and Unfair Competition
### Under Maryland Common Law

60.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 59 of this Complaint.

61.     Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendant with Under

23

Armour, or as to the origin, sponsorship, or approval of Defendant, its products, and its

commercial activities by or with Under Armour such that Defendant's acts constitute

infringement of Under Armour's proprietary rights in its ARMOUR Marks, misappropriation of

Under Armour's goodwill in those marks, and unfair competition under Maryland common law.

62.     Defendant's actions, as described above, constitute false and misleading

descriptions and misrepresentations of fact in commerce, which, in commercial advertising and

promotion, materially misrepresent the nature, characteristics, and qualities of Defendant's

products and constitute false and deceptive advertising under Maryland common law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Under Armour respectfully demands a trial by jury on all

issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Under Armour respectfully requests that this Court enter judgment in its

favor on each and every claim for relief set forth above and award it relief, including but not

limited to the following:

A.      An Order declaring that Defendant's use of the ARMOR & GLORY Marks

infringe Under Armour's ARMOUR Marks, dilute Under Armour's UNDER ARMOUR mark,

and constitute unfair competition under federal and/or state law, as detailed above;

B.      A permanent injunction enjoining Defendant and its employees, agents, partners,

officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates,

distributors, dealers, and all persons in active concert or participation with any of them:

1.      From using, registering, or seeking to register the ARMOR & GLORY

Marks in any form, including but not limited to in connection with any other wording or

designs, and from using any other marks, logos, designs, designations, or indicators that

are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of

Under Armour's UNDER ARMOUR mark;

      2.     From representing by any means whatsoever, directly or indirectly, that

Defendant, any products or services offered by Defendant, or any activities undertaken by

Defendant, are associated or connected in any way with Under Armour or sponsored by

or affiliated with Under Armour in any way;

      3.     From assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

      C.     An Order directing Defendant to destroy all products, packaging, signage,

advertisements, promotional materials, stationery, forms, and/or any other materials and things

that contain or bear Defendant's ARMOR & GLORY Marks or any other marks, logos, designs,

designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR

Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

      D.     An Order directing Defendant (and the relevant registrar) to transfer to Under

Armour the armorglory.com domain name and all other domain names Defendant owns or

controls that contain any of Under Armour's ARMOUR Marks (including but not limited to any

domain names comprised of or containing ARMOUR or ARMOR), any marks confusingly

similar to any of Under Armour's ARMOUR Marks, and/or any marks dilutive of Under

Armour's UNDER ARMOUR mark;

      E.     An Order requiring Defendant to disseminate pre-approved corrective advertising

and send pre-approved letters to all customers, resellers, retailers, agents, partners, and/or

representatives to address the likely confusion and dilution caused by use of ARMOR &

GLORY name/marks and the armorglory.com domain name.

25

F.      An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Under Armour's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      An Order requiring Defendant to account for and pay to Under Armour any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

H.      An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by Under Armour, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the armorglory.com domain name;

I.      An Order requiring Defendant to pay Under Armour damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

J.      An Order requiring Defendant to pay Under Armour all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

K.      An Order requiring Defendant to pay Under Armour punitive damages for trademark infringement and unfair competition under Maryland common law; and

L.      Other relief as the Court may deem appropriate.

Dated:  August 7, 2015                    Respectfully submitted,

                                          */s/ Douglas A. Rettew*
                                          Douglas A. Rettew (29815)
                                          Danny M. Awdeh
                                          Anna B. Naydonov
                                          FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, L.L.P.
                                          901 New York Avenue, N.W.
                                          Washington, D.C.  20001-4413
                                          (202) 408-4000 (phone)
                                          (202) 408-4400 (fax)
                                          Email: doug.rettew@finnegan.com
                                          Email: danny.awdeh@finnegan.com
                                          Email: anna.naydonov@finnegan.com

                                          Attorneys for Plaintiff
                                          Under Armour, Inc.